IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES KRIZKA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

PLAINTIFF, FRANCES KRIZKA, through her attorneys, Richard J. Gonzalez and Jaz Park, Law Offices, Chicago-Kent College of Law, complains against DEFENDANT, LOYOLA UNIVERSITY MEDICAL CENTER, as follows:

### NATURE OF THE ACTION

1. This is an action for damages related to PLAINTIFF's employment with DEFENDANT, LOYOLA UNIVERSITY MEDICAL CENTER ("Medical Center") to redress DEFENDANT's violation of PLAINTIFF's rights guaranteed by the AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et. seq.* ("ADA") and DEFENDANT's retaliation against PLAINTIFF for having exercised her rights to medical leave under the Family Medical Leave Act, 29 U.S.C § 2611 *et. seq.* ("FMLA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a) because the case arises under the Constitution and laws of the United States and provisions of the ADA and the FMLA.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the DEFENDANT resides within the judicial district, and all or the most substantial part of the events giving rise to this Complaint occurred within this judicial district.

4. PLAINTIFF has met all administrative prerequisites to suit in that she timely filed a charge of discrimination against DEFENDANT with the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") on or about October 10, 2017, obtained a "Right-To-Sue Letter" on or about February 8, 2018 and brings this action within the limitations periods of 29 U.S.C. § 2617(c)(1) and 42 U.S.C. § 2000(e) *et. seq.*

## PARTIES

5. PLAINTIFF FRANCES KRIZKA resides within this judicial district and was employed by DEFENDANT MEDICAL CENTER for in excess of 20 years.

6. DEFENDANT MEDICAL CENTER is a corporation doing business within the state of Illinois, and is an "employer" within the definition of the ADA and the FMLA.

## FACTS

7. PLAINTIFF was employed by MEDICAL CENTER for a period in excess of twenty years and at all times was a loyal and dedicated employee who met the MEDICAL CENTER's legitimate performance expectations. In 2016, PLAINTIFF received the coveted "Galaxy" award for exceptional job performance.

8. Between late 2016 and early 2017 PLAINTIFF suffered a variety of medical issues including the undergoing of multiple surgeries.

9. At various times including the year 2017, PLAINTIFF requested, and was denied, the reasonable accommodation of handicap access to the facility.

10. During 2016 and again in early 2017, PLAINTIFF exercised her rights to medical leave under the FMLA.

11. PLAINTIFF returned to work on June 7, 2017 and met with Jason DeLay, a human resources representative for the MEDICAL CENTER, who threatened PLAINTIFF with termination. DeLay also assigned her to a new position working an afternoon-evening shift, rather than the morning-afternoon shift she had worked for years.

12. Just a few days later, PLAINTIFF was suspended on the basis of an unexplained allegation that she had "jeopardized patient safety."

13. When she returned to work on July 3, 2017, managerial agents of the MEDICAL CENTER advised PLAINTIFF that she was under a "final warning."

14. On July 11, 2017 one of the PLAINTIFF's sons passed away suddenly and unexpectedly.

15. PLAINTIFF returned to work from her bereavement leave on July 24, 2017.

16. By August 15, 2017 managerial agents of the MEDICAL CENTER advised PLAINTIFF of her termination for the stated reasons of having made personal telephone calls and having shared her password.

17. Managerial agents of the MEDICAL CENTER were aware that numerous other employees also engaged in these common activities while on the job and they remain employed.

## COUNT I

## Violation of ADA

18. PLAINTIFF incorporates by reference paragraphs 1-17 as though fully set forth herein.

19. The foregoing conduct constitutes a violation of the ADA.

20. In violating the ADA, DEFENDANT acted willfully and with malice and/or with reckless indifference to PLAINTIFF's federally protected rights.

21. Because of the foregoing facts, PLAINTIFF has suffered loss of her job in addition to loss of wages and benefits.

22. In addition, DEFENDANT's violation of the ADA caused PLAINTIFF severe emotional distress and psychological pain and suffering.

WHEREFORE, PLAINTIFF requests that this Court:

A. Enter judgment in PLAINTIFF's favor and against the MEDICAL CENTER for violation of her rights guaranteed under the ADA;

B. Award PLAINTIFF the value of her lost wages, lost benefits, and other monetary losses caused by DEFENDANT's unlawful termination of her employment;

C. Order PLAINTIFF to be reinstated to her previous or a comparable position;

D. Award PLAINTIFF compensatory and punitive damages in an appropriate sum additional to or equal amount as liquidated damages;

E. Award PLAINTIFF reasonable attorney's fees and costs in bringing this action; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT II

### Retaliation in Violation of the FMLA

23. PLAINTIFF incorporates by reference paragraphs 1-22 as though fully set forth herein.

24. In terminating PLAINTIFF's employment in August 2017, DEFENDANT unlawfully retaliated against PLAINTIFF for having exercised her rights under the FMLA by taking medical leave.

25. Because of the foregoing facts, PLAINTIFF has suffered loss of her job in addition to loss of wages and benefits.

26. In addition, DEFENDANT's unlawful retaliation caused PLAINTIFF severe emotional distress and psychological pain and suffering.

27. In unlawfully retaliating against PLAINTIFF, DEFENDANT acted willfully and with malice and/or reckless indifference to PLAINTIFF's federally-protected rights.

WHEREFORE, PLAINTIFF requests that this Court:

      A.      Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights guaranteed under the ADA;

      B.      Award PLAINTIFF the value of her lost wages, lost benefits, and other monetary losses caused by DEFENDANT's unlawful termination of her employment;

      C.      Order PLAINTIFF to be reinstated to her previous or a comparable position;

      D.      Award PLAINTIFF liquidated damages under the provisions of the FMLA;

      E.      Award PLAINTIFF reasonable attorney's fees and costs in bringing this action; and

      F.      Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

s:/Richard J. Gonzalez
Richard J. Gonzalez

RICHARD J. GONZALEZ
Chicago-Kent Law Offices
565 West Adams Street
Suite 600
Chicago, Illinois 60661-3691
(312) 906-5079

JAZ PARK
Chicago-Kent Law Offices
565 West Adams Street
Suite 600
Chicago, Illinois 60661-3691
(872) 588-0440